IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

LUCILLE MARTINEZ, )
)
            Plaintiff, )
)
v. ) Case No. 09-1026-WEB
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
            Defendant. )

MEMORANDUM AND ORDER

Now before the court is the review of the final decision of the Commissioner of Social Security denying Lucille Martinez disability insurance benefits. The matter was referred to the Magistrate Judge for a recommendation and report pursuant to Rule 72 (b), Federal Rules of Civil Procedure. The Recommendation and Report was filed on November 18, 2009. The Defendant filed an objections to the Report and Recommendation (Doc. 15), and the Plaintiff filed a response (Doc. 17).

    I. History of the Case

The Magistrate Judge found that the Administrative Law Judge (ALJ) failed to indicate what evidence he relied on to support his finding that Dr. Focken did not see plaintiff as a patient until well after her date last insured, and the record is not clear how Dr. Focken was involved in the treatment of the plaintiff. The Magistrate Judge found the ALJ failed in giving no weight to Dr. Focken's opinion. The Magistrate Judge recommended that on remand, the ALJ discuss all the medical evidence in which Dr. Focken's name appears, contact Dr. Focken to resolve any ambiguity, and ascertain the time frame of the limitations set forth by Dr. Focken. Magistrate

1

Judge Cohn also recommended the ALJ make new RFC findings although the Magistrate Judge did not find any error in the process of the ALJ in making the RFC findings. The Magistrate Judge also recommended that the ALJ make new credibility findings in light of all the evidence, including the opinions of Dr. Focken.

The Defendant objected to the Recommendation and Report. The Defendant objected to the finding of ambiguity. The Defendant argues that the Plaintiff's responses in the Disability Report resolve the ambiguity suggested by the Report. The Defendant also argues that the ALJ must consider all the evidence, but is not required to discuss every piece of it. The Defendant argues that there is no evidence that Dr. Focken was the treating physician, and that since there is no ambiguity remand is not warranted.

The Plaintiff argues that there is confusion in the record regarding when Dr. Focken became responsible for her case, and whether Dr. Focken was the treating physician. The Plaintiff argues the Magistrate correctly assessed that remand is necessary to resolve the numerous ambiguities in the medical evidence, to determine if Dr. Focken is the treating physician, and to obtain new RFC and credibility determinations.

II. Standard of Review

Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and whether correct legal standards were applied. Marshall v. Chater, 75 F.3d 1421, 1425 (10th Cir. 1996). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The court may not reweigh the evidence or substitute its

judgment for that of the agency. White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).

III. Discussion

A treating physician's opinion is generally afforded greater weight than opinions of doctors who have not treated the claimant. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005). The treating physician's opinion must be supported by medical evidence in the record. Hamiln v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). More weight is provided to the treating physician as "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." 20 C.F.R. § 404.1527(d)(2). When a treating physician's opinion is not given controlling weight, the following factors are considered: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. 20 C.F.R. § 416.927(d). The ALJ need not discuss all the factors. Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007). When the ALJ rejects the opinion of a treating physician, he must give specific, legitimate reasons for doing so. Branum v. Barnhart, 385 F.3d 1268, 1275 (10th Cir. 2004).

The ALJ stated in his decision: "The medical source statement provided by Dr. Rosalie

3

Focken at Exhibit 14F and dated June 9, 2008, is not given any weight for the relevant period of disability determination, though it may accurately reflect the claimant's limitations at this time. Dr. Focken did not see the claimant as a patient until well after her date last insured. The opinion itself regarding the claimant's limitations is two years later than the claimant's date last insured." The ALJ clearly stated the reason for not providing Dr. Focken's opinion any weight, that there was no evidence that Dr. Focken was the treating physician before the date last insured. A review of the record shows that before the date last insured, the only document in which Dr. Focken's name appears is a handwritten note dated July 26, 2006, with a message to "schedule a dexa scan." The Plaintiff has not pointed to any other evidence to show that Dr. Focken was her treating physician. The record shows that Dr. Focken had appointments with the Plaintiff after the date last insured, an that Dr. Focken referred her for additional tests. The medical source statement filled out by Dr. Focken on June 9, 2008, states that the form is filled out based on the following factors: (1) Medical history; (2) Clinical findings; (3) Laboratory findings; (4) Diagnosis; and (5) Treatment prescribed with response, and prognosis. Nothing in the form shows that the information was based on her medical information prior to September 30, 2006.

The decision of the Commissioner is supported by evidence in the record. There is no ambiguity as to the whether Dr. Focken was the Plaintiff's treating physician prior to her date last insured, and the ALJ gave a sufficient reason for not providing Dr. Focken's opinion any weight.

IV. Conclusion

IT IS THEREFORE ORDERED that the Recommendation and Report (Doc. 14) is not

adopted by the Court.

It is further ORDERED that the decision of the Commissioner be AFFIRMED.

The Clerk of the Court is directed to enter Judgment accordingly.

SO ORDERED this 6th day of April, 2010.

    s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge